[Stamps: LODGED CLERK, U.S. DISTRICT COURT SEP 12 2005 CENTRAL DISTRICT OF CALIFORNIA BY ___ DEPUTY]

[Stamp: FILED CLERK, U.S. DISTRICT COURT OCT 12 2005 CENTRAL DISTRICT OF CALIFORNIA BY ___ DEPUTY]

SEND
Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ✓

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE TATES | CASE NUMBER |
| PLAINTIFF(S) | EDCV05-849 (AN) |
| V. | |
| GARY PENROD, ET AL. | ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE |
| DEFENDANT(S) | |

**IT IS ORDERED** that the complaint **be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $250.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

_____     _____
Date                                         United States Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee filing fee be **DENIED** for the following reason(s):

- [ ] Inadequate showing of indigency
- [ ] Legally and/or factually patently frivolous
- [ ] Failure to authorize disbursements from prison trust account to pay filing fee
- [x] Other: See Attachment
- [ ] District Court lacks jurisdiction
- [ ] Immunity as to _____
- [ ] Failure to provide certified copy of trust fund statement for the last six (6) months.

Comments:

Sept. 19, 2005                              /s/ [signature]
Date                                         United States Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:
- [ ] GRANTED
- [ ] DENIED (See comments above)

_____     _____
Date                                         United States District Judge

Attachment
*Jackie Tates v. Gary Penrod, et al.*, CV 05-849 (AN)

Plaintiff's allegations establish that his Eighth Amendment claim based upon the leaky toilet and sink in his cell fails to state a claim upon which relief may be granted and is, in part, frivolous, because his allegations establish the conditions in question were temporary and that the defendants were not deliberately indifferent because they contacted a plumber and brought him drinking water in the interim. *See Hutto v. Finney*, 437 U.S. 678, 686-87; (1978); *Wilson v. Seiter*, 111 S.Ct. 2321, 2326-27 (1991); *Farmer v. Brennan*, 511 U.S. 825, 832-34, 114 S.Ct. 1970 (1994); *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir.) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain), amended, 75 F.3d 448 (9th Cir.), *cert. denied*, 516 U.S. 916, 116 S.Ct. 306 (1995).

The district court also exercises its discretion to deny Plaintiff's IFP application because of his lack of candor regarding his prior federal prisoner lawsuits. *See Anheuser-Busch, Inc. v. Natural Beverage Distrib.*, 69 F.3d 337, 348 (9th Cir. 1995)(upholding dismissal where party engaged in deceptive practices that undermined integrity of the proceedings). In his complaint, Plaintiff falsely represents that he has previously only brought 5 or 6 federal prisoner lawsuits. He also suggests that he cannot remember the exact number because he is delusional due to dehydration. However, the Court finds his claim of being dehydrated is frivolous given that his purported dehydrated state did not prevent him from recalling or making specific and lengthy allegations in his complaint about the current conditions he is complaining about. [Complaint at 1.] The Court also finds Plaintiff has given an evasive answer because PACER shows that he has previously brought 25 prisoner-related civil actions in federal courts located in California. This Court's own records establish that he has previously filed at least four prisoner civil rights actions and IFP applications, and that at least three IFP applications were denied because the Court found the allegations in the complaints were frivolous, malicious, or failed to state a claim. [*See* Orders denying IFP Applications in CV 03-5751, CV 03-6273, CV 05-3053.]